IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Salley, #287679 ) | |
| Petitioner, ) | Civil Action No.8:07-2763-HMH-BHH |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden Robert ) | **OF MAGISTRATE JUDGE** |
| Stevenson, ) | |
| Respondent. ) | |

The petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 8.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on August 10, 2007.[1]  On November 9, 2007, the respondent moved for summary judgment.  By order filed November 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On February 5, 2008, the petitioner filed a response.

---

[1]The petitioner's envelope does not reflect a prison mailroom stamp. (Pet. Ex. 2.) Further, the postmark reflects it was mailed on August 9, 2007, from the Denmark zip code of 29047, but the petitioner's address at the prison is in Columbia with the zip code 29210. The package was received and filed by the Clerk of this Court on August 10, 2007. (Pet.) Because there is nothing to show this envelope was sent through a prison mailroom, the petitioner is not entitled to the benefit of the rule in *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). *See Grate v. Rushton*, 2007 WL 3145016 (D.S.C. 2007). Thus, the undersigned has used the date the petition was received by the Court as the filing date.

## PROCEDURAL FACTS

The petitioner is currently housed at the Broad River Correctional Institution. In December 2000, he was indicted by the Bamberg County Grand Jury for second degree criminal sexual conduct ("CSC") with a minor. (App. 110-11.) Then, at the April 2001 term, the Bamberg County Grand Jury indicted the petitioner for escape and assault and battery with intent to kill ("ABIK"). (App. 104-05; 107-08.) The petitioner was represented at the trial by attorney George R. McElveen, III. On September 26, 2002, the petitioner pled guilty to CSC 2nd, escape, and assault and battery of a high and aggravated nature ("ABHAN") before the Honorable William P. Keesley. Judge Keesley sentenced the petitioner to fifteen (15) years for the CSC and ten (10) years for ABHAN and five (5) years for escape, both to run consecutively to the CSC sentence. (App. 29-30; 106; 109;112.) The petitioner field a direct appeal before the South Carolina Court of Appeals.

Chief Appellate Defender Daniel T. Stacey represented the petitioner on direct appeal. On January 22, 2003, Stacey filed a petitioner to be relieved as counsel and an *Anders* brief raising the following issue: "Whether the court erred when it accepted appellant's guilty plea, because the case record did not show that he understood the facts of his charges in relationship to the applicable law and maintained he had defenses?" On March 19, 2003, the petitioner signed an affidavit stating he wanted to drop his direct appeal, and Stacey sent the request to the court on April 3, 2003. On April 8, 2003, the South Carolina Court of Appeals dismissed the appeal and issued the remittitur.

On September 22, 2003, the petitioner then filed an application for post-conviction relief ("PCR") raising the following issues:

1) Trial Counsel Ineffective in not adquately [sic] resenting [sic] Applicant;

2) Trial Counsel Ineffective in Allowing Applicant to Enter Pleas of Guilty while Applicant wanted to stand trial by jury; trial counsel also ineffective in

allowing applicant to enter plea to escape charge when infact [sic], statue did not apply to applicant (24-13-410);

3) Trial court lack subject matter jurisdiction to convict applicant under such statue.

(App. 32.)

On August 26, 2004, an evidentiary hearing was held before the Honorable Reginald I. Lloyd. (App. 55.) The petitioner was present and represented by attorney Billy Rhoad, IV. Judge Lloyd indicated his intent to correct SCDC's erroneous interpretation that all sentences were consecutive which would result in a sentence of thirty (30) years – rather a twenty-five (25) active sentence, with the ABIK and escape sentences only consecutive to the CSC charge but not to each other. Judge Lloyd rejected all of the petitioner's other claims and signed an "Order of Dismissal with Prejudice but Changing SCDC's Records Regarding Applicant's Sentence" on November 2, 2004. (App. 96.)

On November 22, 2004, the petitioner filed a notice of appeal with the South Carolina Supreme Court. Assistant Appellate Defender Robert Pachak represented the petitioner in his PCR appeal. On March 28, 2005, Pachak filed a petition to be relieved as counsel and a *Johnson* petition raising the following issue: "Whether petitioner's guilty plea complied with the mandate set forth in Boykin v. Alabama?"

On April 11, 2005, the petitioner also filed a pro se brief dated raising various issues in narrative form. On March 22, 2006, the South Carolina Supreme Court denied the petition and the remittitur was sent down on April 10, 2006.

The petitioner filed this habeas petition on August 10, 2007, raising the following ground for relief, quoted verbatim:

**GROUND ONE:** Ineffective Assistance of Counsel

**SUPPORTING FACTS:** I wanted a trial but was told to plea guilty. Also my Miranda rights wasn't read or stated on record nor did I get a preliminary hearing because my lawyer said that I didn't need one. In addition to my

3

> lawyer not willing to investigate. They both fall below lawyer level. That would make him ineffective and he didn't get a written waiver changing my indictment.

(Pet. 6.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this

4

standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions and it is successive. The undersigned agrees.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999).

The petitioner's conviction became final at the conclusion of direct review on April 8, 2003, when the South Carolina Court of Appeals issued its remittitur following the petitioner's voluntary dismissal of his direct appeal. Because the petitioner did not complete his direct appeal, the ninety days for seeking certiorari from the United States Supreme Court is not included, as there would not be any viable judgment for the United States Supreme Court to review. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is ninety days); U.S. Sup. Ct. R. 10(b)

(certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is ninety days from decision or judgment of state court of last resort).  Therefore, the petitioner had until April 9, 2004, to file his federal habeas corpus action unless the period was at any time tolled.

The petitioner filed an application for PCR on September 22, 2003, after 167 days had lapsed.  The period of limitations was tolled during the pendency of the petitioner's PCR proceeding until April 10, 2006, when the South Carolina Supreme Court issued the remittitur from its order denying certiorari review of the PCR Court's order of dismissal.  *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action).

When the petitioner filed this habeas petition on August 10, 2007, the date the District Court received the petition, an additional 487 days had passed.  As noted above, the envelope in which the petitioner's petition was mailed does not reflect a prison mailroom stamp. Although the petitioner is incarcerated at Broad River Road Correctional Institution in Columbia, the postmark on the envelope indicates it was sent from Denmark, South Carolina.  Thus, the petitioner does not get the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), which states that a prisoner's pleading is considered  filed at moment of delivery to prison authorities for forwarding to the District Court.  In any event, this petition would still not be timely if the undersigned used a filing date of several days earlier because on the filing date of August 10, 2007, a total of 654 days of time had lapsed since the petitioner's period of limitations began to run on April 8, 2003.   Clearly, the present petition is untimely.

7

The petitioner does not dispute that this petition is untimely. However, he contends that he is entitled to equitable tolling. To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

In this case, there is no allegation that wrongful conduct on the part of the State contributed to the petitioner's delay, thus to invoke equitable tolling, the petitioner "must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Id*. Further, the petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998).

Here, the petitioner contends that his petition was late because his lawyer filed a motion to be relieved as counsel when he filed the *Johnson* petition in state court and he was not told what his next step was. The petitioner admits he knew counsel had been relieved and that he had received a copy of the remittitur following the dismissal of his PCR appeal in April 2006. (Pet. at 14.) The petitioner's alleged ignorance of the law and his PCR counsel's alleged failure to tell him about the federal habeas limitations period are simply not valid grounds for equitable tolling. A plaintiff's unfamiliarity with the law and lack

8

of counsel are insufficient to overcome the limitations period. *See Barrow v. New Orleans S.C. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). *See also Waldron-Ramsey v. Stewart*, 2007 WL 2439647 at *5 (E.D.Wash. 2007) ("Even if extraordinary circumstances beyond Petitioner's control caused the untimely filing of the petition, Petitioner is still not entitled to equitable relief because he did not exercise due diligence in presenting his habeas petition") (*citing Mendoza v. Carey*, 449 F.3d 1065, 1071 n. 6 (9th Cir.2006)); *Hunter*, 2007 WL 2265606 at *6 (petitioner's delay in determining the status of his direct appeal negated any contention that petitioner acted with reasonable diligence); *Rodriguez v. People*, 2003 WL 289598 at *17 (S.D.N.Y. Feb. 11, 2003)(unpublished decision)(equitable tolling not appropriate, even though attorney failed to file notice of appeal, where it was not reasonably diligent for the defendant to wait over 18 months before inquiring into the status of his appeal); *see also Pace,* 544 U.S. at 418 (if petitioner lacks diligence in pursuing his claims he cannot avail himself of equitable tolling under AEDPA). Accordingly, this habeas action should be dismissed as untimely.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 12) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

April 22, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).